Fill in this information to identify the case:

Debtor name   *HOSPITALITY INTEGRATED SERVICES, INC.*

United States Bankruptcy Court for the:   DISTRICT OF ARIZONA

Case number (if known)   *3:18-bk-08776 PS*

☑ Check if this is an amended filing

Official Form 425A

# Plan of Reorganization for Small Business Under Chapter 11          12/17

**HOSPITALITY INTEGRATED SERVICES, INC.** 's AMENDED Plan of Reorganization, Dated  *JULY 3, 2019*

### Article 1: Summary

This Plan of Reorganization (the *Plan*) under chapter 11 of the Bankruptcy Code (the *Code*) proposes to pay creditors of **HOSPITALITY INTEGRATED SERVICES, INC.** (the *Debtor*) **by cash flow from operations.**

This Plan provides for:
- **2** classes of priority claims;
- **2** classes of secured claims;
- **1** classes of non-priority unsecured claims; and
- **1** classes of equity security holders.

Non-priority unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately **100** cents on the dollar. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles 3 through 6 of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan.

**Your rights may be affected. you should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### Article 2: Classification of Claims and Interests

2.01   **Class 1**          All allowed claims entitled to priority under § 507(a) of the Code (except administrative expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8)).

CLASS 1A: ATTORNEYS FEES - Law Offices of Douglas B. Price, P.C.: Estimated total fees of $50,500.00 with $10,500 having been paid before filing. Current estimate $40,000.00-$50,000 subject to fee application and approval by the Court. Interim fees will be requested to be paid prior to confirmation. C&D Consulting will be paid an estimated $10,000-$15000 for accounting fees in this case.

CLASS 1B: PRIORITY TAX DEBTS - NONE

CLASS 1C: CENTURY LINK ADMINISTRATIVE CLAIMS AS ALLOWED BY COURT FOR POST-PETITION SERVICES NOT ALREADY PAID

| 2.02 | Class 2 | Secured Claims |
|---|---|---|
| | | **CLASS 2A - SECURED CLAIMS PAID OUTSIDE THE PLAN**<br>On Deck Capital, Inc. paid outside the plan through October, 2019 (at which time claim shall have been fully paid). See Proof of Claim Number 1<br><br>Sharon S. Schwartz, SBA Communications is bifurcated so that $3,100.00 security deposit will continue to be held. No additional payments via the Plan. The remaining $18,622.00 is an unsecured claim that will be addressed in Class 3. See Proof of Claim 5.<br><br>Nissan Motor Acceptance Corporation has a secured claim for $59,000 with a co-Debtor, Daniel Taft, Sr. for a 2017 Nissan Titan Pickup. Mr. Taft is paying the secured claim in full outside of the Plan as stated in the Disclosure Statement, page 10.<br><br>Nissan Motor Acceptance Corporation has a secured claim for $18,000.00 with a co-Debtor, Daniel Taft, Sr. for a 2017 Nissan NV200 van. Mr. Taft is paying the secured claim in full outside of the Plan as stated in the Disclosure Statement, page 10.<br><br>**CLASS 2B - SECURED CLAIMS PAID VIA THE PLAN - NONE.** |
| 2.03 | Class 3 | All non-priority unsecured claims allowed under § 502 of the Code.<br><br>To date this includes claim numbers 5, 6, 7 and 8. |
| 2.04 | Class 4 | Equity interests of the Debtor.<br><br>Funds owed to Daniel Taft, Sr., POC to be filed. Will be paid the same or smaller percentage as class 3 claims, and will not be paid until all class 3 creditors have been paid their pro-rate percentage. |

### Article 3: Treatment of Administrative Expense Claims, Priority Tax Claims, and Quarterly and Court Fees

| 3.01 | **Unclassified claims** | Under section § 1123(a)(1), administrative expense claims, and priority tax claims are not in classes. |
|---|---|---|
| 3.02 | **Administrative expense claims** | Each holder of an administrative expense claim allowed under § 503 of the Code, will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor. |
| 3.03 | **Priority tax claims** | Each holder of a priority tax claim will be paid pursuant to 11 USC Section 1129(C)(i) of a total value, as of the effective date of the plan, equal to the allowed amount of such claim. |
| 3.04 | **Statutory fees** | All fees required to be paid under 28 U.S.C. § 1930 that are owed on or before the effective date of this Plan have been paid or will be paid on the effective date. |
| 3.05 | **Prospective quarterly fees** | All quarterly fees required to be paid under 28 U.S.C. § 1930(a)(6) or (a)(7) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code |

### Article 4: Treatment of Claims and Interests Under the Plan

4.01 Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| **Class 1 - Priority claims** excluding those in Article 3 | ☐ Impaired<br>☑ Unimpaired | Class 1 is impaired by this Plan only to the extent that payment of these claims may be delayed thereby altering the rights that may be held by members of this class. Each holder of a Class 1 Priority Claim will be paid in full. |
| **Class 2 – Secured claims of** On Deck and SBA Communications | ☐ Impaired<br>☑ Unimpaired | Class 2 is impaired by this Plan only to the extent that payment of these claims may be delayed thereby altering the rights that may be held by members of this class. Each holder of a Class 2 Secured Claim will be paid in full. |
| **Class 3 – Non-priority unsecured creditors** | ☑ Impaired<br>☐ Unimpaired | Class 3 is impaired by this Plan only to the extent that payment of these claims may be delayed thereby altering |

| | | | |
|---|---|---|---|
| | | | the rights that may be held by members of this class. Each holder of a Class 3 Non-priority Unsecured Claim will be paid in full. |
| | Class 4 - Equity security holders of the Debtor | ☑ Impaired<br>☐ Unimpaired | Class 4 is impaired by this Plan only to the extent that payment of these claims may be delayed thereby altering the rights that may be held by members of this class. Each holder of a Class 4 Claim will be paid in full. |

### Article 5: Allowance and Disallowance of Claims

| | | |
|---|---|---|
| 5.01 | **Disputed Claim:**<br>All disputes will be filed by Debtor within 30 days after the claims deadline set by the Court | A disputed claim is a claim that has not been allowed or disallowed by a final nonappealable order, and as to which either:<br>(i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or<br>(ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.<br><br>*Debtor reserves the right to object to the Centuery Link Claims once the Assumption and Rejection of the contracts associated with these claims has been resolved as they are inextricably linked.* |
| 5.02 | **Delay of distribution on a disputed claim:** | No distribution will be made on account of a disputed claim unless such claim is allowed by a final nonappealable order. |
| 5.03 | **Settlement of disputed claims:** | The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure. |

### Article 6: Provisions for Executory Contracts and Unexpired Leases

| | | |
|---|---|---|
| 6.01 | **Assumed executory contracts and unexpired leases** | (a) The Debtor assumes, and if applicable assigns, the following executory contracts and unexpired leases as of the effective date:<br><br>A Separate Motion or Motions to Assume or Reject Executory Contracts will be filed within 30 days from the date of filing this Chapter 11 Plan OR within 15 days from receipt of all invoices requested by conditional objections to claims 6, 7 and 8 (which are filed this date), whichever date is later.<br><br>Debtor shall file its Motion(s) to Assume or Reject Executory Contracts on or before July 19, 2019. These are with Century Link and SBA Communications.<br><br>(b) Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the effective date or under section 6.01(a) of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the effective date.<br><br>A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than THIRTY (30) days after the date of the order confirming this Plan. |

### Article 7: Means for Implementation of the Plan

Debtor is currently making cash collateral payments to secured creditor, On Deck Capital, Inc. (Claim #1) as described in Article 2.02 (Class 2; secured claims). Claim #1 to On Deck Capital, Inc., is expected to be paid in full by October 27, 2019.

The first payment due under the plan is due on November 15, 2019, to be paid directly or through a payment agent. The monthly Plan payment amount beginning shall be **$4,000.00** per month and shall increase as necessary over the life of the Plan to ensure payment of all allowed claims. The estimated term of the plan is 104 months. The monthly payment amount shall be distributed to allowed claims only, beginning with allowed administrative claims and then to unsecured non priority claims until all allowed claims are paid in full.

Pursuant to 11 U.S.C. Section 1123(a)(5):

(a) Debtor will retain all property of the estate.

(b) The only property of the estate to be transferred is the payments for cash collateral to secured creditor On Deck snf Plan Payments under a confirmed plan.

(c) There will be no merger or consolidation of Debtor with any other person and/or entity without a prior court order.

(d) No property of the estate will be sold or distributed to any person and/or entity without a prior court order.

(e) There will be no satisfaction or modification of any lien on any property of the estate EXCEPT PAYMENT OF THE $3100 SECURITY DEPOSIT TO SBA COMMUNICATIONS. The liens on the Nissan vehicles will be released upon completion of payment (being made outside of the Plan by the co-debtor).

(f) No indenture or similar instrument will be satisfied or modified.

(g) The implementation of this plan will cure any default that existed on date of Petition.

(h) There are no outstanding securities associated with the Debtor.

(i) There will be no amendment to the Debtor's charter.

(j) There will be no securities issued by the Debtor or of any other entity referred to in Article 7 Paragraphs (b) or (c).

(k) This Plan will be funded by the ongoing commercial activity of the Debtor, Hospitality Integrated Services, Inc.

(l) Daniel Taft, Senior will continue to serve as President, Director, Shareholder, and Chief Executive Officer of Debtor.

### Article 8: General Provision

**8.01 Definitions and rules of construction**

The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan, and they are supplemented by the following definitions:
NONE.

**8.02 Effective Date**

The effective date of this Plan is the first business day following the date that is 14 days after the entry of the confirmation order. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay expires or is otherwise terminated.

**8.03 Severability**

If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

**8.04 Binding Effect:**

The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

**8.05 Captions**

The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

**[8.06 Controlling Effect**

Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Arizona govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.]

**[8.07 Corporate Governance**

Daniel Taft, Senior is the only officer of Debtor Corporation Hospitality Integrated Services, Inc. and will continue to serve in that capacity during the pendency of this case. Debtor is prohibited from issuing nonvoting equity securities.

**[8.08 Retention of Jurisdiction**

The U.S. Bankruptcy Court in and for the District of Arizona will continue to have full jurisdiction over this case until it is closed.

### Article 9: Discharge

**9.01** ☐ **Discharge if the Debtor is an individual and § 1141(d)(3) is not applicable.**

Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

☐ **Discharge if the Debtor is a partnership and § 1141(d)(3) is not applicable.** On the effective date of this Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code. The Debtor will not be discharged from any debt imposed by this Plan.

☑ **Discharge if the Debtor is a corporation and § 1141(d)(3) is not applicable.** On the effective date of this Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:

(i) imposed by this Plan; or

(ii) to the extent provided in § 1141(d)(6).

☐ **No discharge if § 1141(d)(3) is applicable.** In accordance with § 1141(d)(3) of the Code, the Debtor will not receive any discharge of debt in this bankruptcy case.

## Article 10: Other Provisions

[Insert other provisions, as applicable.]

Respectfully submitted,

**X** /s/ Daniel Taft, Senior
[Signature of the Plan Proponent]

*Doug B. Price*

**X** /s/ Douglas B. Price, Esq.
[Signature of the Attorney for the Plan Proponent]

*Daniel Taft, Senior*
[Printed name]

*Douglas B. Price, Esq. 7720*
[Printed name]

Debtor  HOSPITALITY INTEGRATED SERVICES, INC.    Case number (if known) 3:18-bk-08776-PS

- [ ] **Discharge** if the Debtor is a partnership and § 1141(d)(3) is not applicable. On the effective date of the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code. The Debtor will not be discharged from any debt imposed by this Plan.

- [x] **Discharge** if the Debtor is a corporation and § 1141(d)(3) is not applicable. On the effective date of this Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:
    (i) imposed by this Plan, or
    (ii) to the extent provided in § 1141(d)(6).

- [ ] **No discharge** if § 1141(d)(3) is applicable. In accordance with § 1141(d)(3) of the Code, the Debtor will not receive any discharge of debt in this bankruptcy case.

### Article 15: Other Provisions

[Insert other provisions, as applicable.]

Respectfully submitted.

X /s/ Daniel Tait, Senior          Daniel Tait, Senior
  [Signature of the Plan Proponent]   [Printed name]

X /s/ Douglas B. Price, Esq.       Douglas B. Price, Esq. 7180
  [Signature of the Attorney for the Plan Proponent]   [Printed name]